Cheshire,  }
June 3, 1913. }

### WILL E. NUTTING *v.* CHARLES L. STRATTON.

Under a deed conveying "all the standing wood and timber which shall have been cut and removed" from a described tract before a certain date and giving a right of entry for the purpose of cutting and removal, the grantee acquires title to only such growth as was standing upon the land at the date of the conveyance and was removed therefrom within the time limited.

BILL IN EQUITY, to restrain the cutting and removal of certain wood and timber. Trial by the court. Transferred from the April term, 1912, of the superior court by *Chamberlin,* J.

The matter in controversy is the title to wood and timber upon a tract of land conveyed to the plaintiff on March 26, 1909, by a deed containing the following: "Excepting and reserving the wood and timber on (said) tract as sold to Charles L. Stratton." The defendant claims title to the wood and timber under a prior deed, in which the property conveyed is described as follows: "All the standing wood and timber which shall have been cut and removed on or before March 1, 1911, from" a tract described, being the same land described in the plaintiff's deed. Subject to exception, the court ruled that the wood and timber remaining on the lot March 2, 1911, whether cut or standing, was the property of the plaintiff, and assessed the plaintiff's damages for the defendant's entry, cutting, and the removal of wood and timber after March 1, 1911, at $151.

*Guy H. Cutter* and *Benton & Pickard* (*Mr. Benton* orally), for the plaintiff.

*Orville E. Cain,* for the defendant.

PARSONS, C. J. Whether under an absolute deed of standing trees, with a right to enter and remove them within a time limited, the grantor has any property in the trees or lumber not cut and removed before the expiration of the limitation, or whether title acquired by the deed is forfeited by the failure to enter and remove, are questions not presented by the case. From the language of the deed, it is clear that the parties did not intend to vest in the grantee title to the growing trees on the land, because the property conveyed is described as "all the standing wood and timber which shall

have been cut and removed on or before March 1, 1911." To establish the defendant's title to any wood or timber coming from the lot, it must be brought within the description of the property conveyed to him. It must have come from trees standing on the lot at or after the date of the deed and cut and removed before the date specified.

The deed, so far as it is reported in the case, does not in terms provide by whom the wood and timber which was to become the defendant's upon its removal from the lot should be cut and removed. But no question is made as to the defendant's right to enter, cut, and remove before March 1, 1911. Assuming that the defendant had such right under a correct interpretation of the purpose of the parties as expressed in the deed, there is nothing evidencing a purpose to permit his entry after that date. As there was no present conveyance of the title to the standing trees, there was no severance in law which made the trees while standing the personal property of the defendant. The cases cited (*Kingsley* v. *Holbrook*, 45 N. H. 313; *Peirce* v. *Finerty*, 76 N. H. 38) are not in point. If the entry and cutting before March 1, 1911, was rightful, and the severance in fact of the trees so cut made them personal property (*Plummer* v. *Prescott*, 43 N. H. 277), the wood and timber which was not removed before that date does not answer the description of the property conveyed, and the defendant acquired no title by the severance. The time limited during which the grantee could, under the construction most favorable to him, acquire title to any of the wood and lumber on the tract was on or before March 1, 1911. Since the deed "conveyed such trees only as should be removed within that time, then the trees not removed within that time did not pass by the deed, but remained the property of the landowner." *Hoit* v. *Stratton Mills*, 54 N. H. 109, 111.

The exception is overruled. Upon the facts found, the plaintiff is entitled to $151 damages and the injunction prayed for.

*Case discharged.*

All concurred.